IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERYL MARSH                                                                                    PLAINTIFF

vs.                                            Civil No. 2:12-cv-02033

MICHAEL J. ASTRUE                                                                       DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Sheryl Marsh ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable P. K. Holmes, III, referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **REVERSED and REMANDED.**

### 1. Background:

Plaintiff filed her application for DIB on July 14, 2009. (Tr. 9, 100-108).[1] Plaintiff alleged she was disabled due to depression, anxiety, panic attacks, back injury, muscle spasms, heart condition, and asthma. (Tr. 144). Plaintiff alleged an onset date of January 2, 2008. (Tr. 144). These applications were initially denied and was denied again on reconsideration. (Tr. 53-57, 59-

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

1

60).

On August 3, 2010, Plaintiff requested an administrative hearing on her application. (Tr. 62). This hearing request was granted, and an administrative hearing was held on January 27, 2011 in Fort Smith, Arkansas. (Tr. 25-52). Plaintiff was present and was represented by counsel, Richard Strunks at this hearing. *See id.* Plaintiff testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and had a GED. (Tr. 28). Following the hearing, Vocational expert ("VE"), Sarah Moore provided additional evidence through answers to interrogatories. (Tr. 215-218).

On March 15, 2011, the ALJ entered an unfavorable decision on Plaintiff's application for DIB. (Tr. 9-20). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 2, 2008. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the severe impairments of obesity, mood disorder, back pain, hypothyroidism, and asthma. (Tr. 11, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-18, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. (Tr. 17). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for sedentary work, as defined in 20 C.F.R. 404.1567(a), except she must avoid concentrated exposure to fumes, orders, dusts, and pulmonary irritants. (Tr. 14, Finding 5). The

ALJ also limited Plaintiff to work where interpersonal contact was incidental to the work performed; complexity of tasks was learned and performed by rote with few variables and little judgment required; and work where the supervision required was simple, direct, and concrete. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The ALJ found Plaintiff had PRW as a realtor. *Id.* The ALJ determined Plaintiff was unable to perform her PRW. *Id.*

The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 18-19, Finding10). The ALJ based his determination upon the interrogatory answers of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a machine tender with approximately 247 such jobs in region and 19,245 such jobs in the nation, assembler with approximately 365 such jobs in region and 49,725 such jobs in the nation, and work as a surveillance system monitor with approximately 74 such jobs in Arkansas and 7,823 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 2, 2008 through the date of the ALJ's decision. (Tr. 19, Finding 11).

On April 19, 2011, Plaintiff requested that the Appeals Council review the ALJ's decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On December 8, 2011, the Appeals Council declined to review the ALJ's decision. (Tr. 1-3). On February 13, 2012, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. Specifically, Plaintiff claims the ALJ erred (1) in his treatment of medical opinions, (2) in his finding of non-severe impairments, (3) in his RFC determination, and (4) in his credibility determination of Plaintiff. ECF No. 10, Pages 8-18. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

After reviewing Plaintiff's argument in the briefing and the opinion by the ALJ, the Court finds the ALJ did not fully consider Plaintiff's subjective complaints as required by *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). Thus, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  While the ALJ indicated the factors from 20 C.F.R. § 404.1529 had been considered (Tr. 14), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records

6

and recognized the proper legal standard for assessing credibility.[3]

The ALJ discounted Plaintiff's credibility based on her conservative treatment prescribed by her physicians and her lack of treatment for mental health issues. (Tr. 17). The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

The ALJ's analysis was based upon Plaintiff's medical evidence. As discussed above, the ALJ cannot discount Plaintiff's subjective complaints solely because the objective medical evidence does not fully support the subjective complaints. *See Polaski,* 739 F.2d at 1322. Additionally, the ALJ's finding that Plaintiff's failure to seek mental health care was detrimental to her credibility is inconsistent with his earlier finding that Plaintiff had several severe impairments which included a mood disorder.

This lack of analysis is insufficient under *Polaski*, and this case should be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* should be performed.[4]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. Accordingly, this Court recommends this case be **REVERSED and REMANDED.**

---

[3] The ALJ also did not specifically reference the *Polaski* factors which, although not required, is the preferred practice. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

[4] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **19th day of October 2012.**

/s/  Barry A. Bryant  
 HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE
