IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHERYL MARSH                                                                                    PLAINTIFF

vs.                                            Civil No. 2:12-cv-02033

CAROLYN COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before this Court is Plaintiff's Request for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (ECF No. 15)[1] and Plaintiff's Amended Request for Attorney Fees Under the EAJA.  ECF No. 21.  Defendant has responded to these Motions and objects to Plaintiff's counsel's requested number of hours claimed and the request that the fee be made directly payable to him.  ECF No. 22.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III, referred this Motion to this Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court enters the following report and recommendation.

**1. Background:**

Sheryl Marsh ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On December 5, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 14.

On December 20, 2012, Plaintiff her Motion requesting an award of attorney's fees under the EAJA.  ECF No. 15.  On January 16, 2013, Plaintiff was ordered to file an amended Motion because

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."

of Plaintiff's failure to include an itemized statement showing the actual time expended for each event. ECF No. 20. On January 21, 2013, Plaintiff filed her Amended Motion requesting an award of attorney's fees under the EAJA. ECF No. 21. With this Motion, Plaintiff requests an award of attorney's fees of $4,497.75. *Id.* This amount represents 35.89 attorney hours at an hourly rate of $125.00 and expenses of $10.50. *Id.* Defendant responded to this Motion on February 1, 2013 and objects to Plaintiff's counsel's number of hours claimed and that the fee be made directly payable to him. ECF No. 22.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. §

2

406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 14. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA ECF No. 22. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $4,497.75 under the EAJA. ECF No. 21. Plaintiff requests these fees at an hourly rate of $125.00 for work performed. *Id.* Defendant does not object to an hourly

3

rate of $125.00 per hour, because it does not exceed the rate for 2012 according to Consumer Price Index (CPI)-South Urban Index and the Court's Amended General Order No. 39.  This hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $125.00 per hour of attorney work performed.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's amended application.  ECF No. 21.  Defendant has objected to some of the hours for which counsel seeks a fee award and argues they are excessive, unreasonable and not recoverable.  ECF No. 22.

Initially, Defendants objects to total of 1.84 hours claimed by counsel and argues they are not recoverable because they are considered clerical in nature.  ECF No. 22, Pg. 4-5.  They included work for preparation of IFP application, correspondence to the Social Security Administration and review of courts orders.  *Id.*  I have reviewed these charges and find only 0.42 hours for preparation of correspondence to the Social Security Administration on March 1, 2012 is clerical and not recoverable under the EAJA.

Defendant objects to counsel's request for 4.00 hours for "SS Appeal Work" on February 14, 2012 based on the failure to provide a sufficient basis and description of the work.  ECF No. 22, Pg. 5.  Although counsel's description is certainly "thin," this Court does not find counsel's request for 4.00 hours of time in preparation to be unreasonable given the overall number of hours requested.

Defendant also objects to 0.92 hours claimed by Plaintiff in the preparation and review of a request by Plaintiff for additional time to file her appeal brief.  ECF No. 22, Pg. 6.  This Court finds Defendant's objection is proper and compensation for time for an extension request is not compensable under the EAJA.

Finally, Defendant objects to Plaintiff's request for 3.83 attorney hours to "Receive and Review

Social Security Administration Brief" on August 2, 2012, because Plaintiff never filed a reply brief and the time requested is excessive for review of an appeal brief. ECF No. 22, Pg. 6. This Court would agree that 3.83 hours of time to simply review Defendant's appeal brief is excessive. The brief consisted of fourteen (14) pages. ECF No. 12. Further, as pointed out by Defendant, no reply was prepared in response to Defendant's brief. This Court finds a total of 1.00 hour would be a reasonable amount of time for the receipt and review of Defendant's brief in this matter.

Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,975.85 representing 31.72 attorney hours at $125.00 per hour and expenses of $10.85.

Finally, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). ECF No. 22. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Amended Request for Attorney Fees Under the EAJA (ECF No. 21) be **GRANTED IN PART** and Plaintiff be awarded **$3,975.85** in attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412. Further, this Court recommends Plaintiff's Request for Attorney Fees Under the EAJA (ECF No. 15) be **DENIED AS MOOT**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

      **ENTERED** this **10th day of April 2013.**

                                            /s/   Barry A. Bryant  
                                            HON. BARRY A. BRYANT  
                                            U.S. MAGISTRATE JUDGE